[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
AMENDED MEMORANDUM OF DECISION ON NOTION TO REOPEN JUDGMENT PLEADING #120.00
This case comes to this court on a motion to reopen a judgment dated July 2, 1992. The essence of the motion is that the husband at the time he entered into the legal separation agreement on March 14, 1992 was "in a delusional state when he entered into the agreement."
The motion alleges:
 "the defendant, James Desmond, Jr., entered into an agreement which is impossible for him to perform. He did this because at the time he was so emotional distraught, disturbed and overcome by the marital difficulties he was experiencing that he, through obsession, entered into an agreement with the delusional idea that by so doing he would be able to entice his wife to resuming their marriage. He has since come to the realization of the absurdity and the obsessional and delusional CT Page 11040 state he was in."
The judgment of legal separation was granted on March 4, 1992. At the time of the proceedings a request to amend the complaint was filed and the wife sought a legal separation which motion was granted by Judge Coppeto on March 4, 1992. Apparently, this was important to the proceedings since this was filed on the day of the dissolution. The court notes that the financial affidavit dated March 3rd filed by the defendant under oath on March 4th, has hand written notes on it which indicates that he reviewed it and found some things missing and added them on the bottom of page one (1) under a section entitled "Company Interests".
The agreement of the parties is embodied in defendant's Exhibit 1 which is part of the court file as is the transcript of the proceedings before Judge Coppeto. Judge Coppeto, after hearing the agreement, entered into a very careful and precise canvas of the husband concerning the agreement he had entered into (Pages 29 through 34 are attached hereto). While the problem of the husband's ability to make the payments he agreed to, might have slipped by a less seasoned family judge, Judge Coppeto brought to the forefront her training and experience and began the questioning that took place on pages 29 through 34. She wanted to know how he was going to pay $2,240 per month when his income as shown on his affidavit was about 2,300 a month. He gave valid reasons, answered the questions coherently and competently, and the judge approved the agreement.
As the file indicates, Motion #113 was thereafter filed which was a request by the wife for certain orders concerning problems and a physical struggle with her husband. On April 30, 1992 the husband appeared in court and agreed to ex parte orders being vacated. At that time he did not raise the issue of his competency to enter into the original separation agreement.
Thereafter, on April 28th his attorney in Motion #116.00 filed a Motion for Contempt and set forth in the body of that motion the following language:
 "A decree of separation was entered by this court (Copetto, J.) on March 4, 1992. The Separation Agreement as entered and incorporated by Coppeto, J., allowed the defendant to have unlimited and reasonable, flexible, liberal and open visitation with the CT Page 11041 minor children. The plaintiff has failed, refused and neglected to abide by said Agreement as incorporated by the court in the decree of separation."
It is interesting to note that where there was an opportunity to talk about inability to enter into the Agreement, the husband restated the Agreement. On April 30, 1992 orders were entered under that Motion for Contempt.
Thereafter on June 1, 1992 a petition for decree dissolving the marriage after legal separation being Motion 118.00 was filed. This seems to be the catalyst for the motion filed by the husband seeking to open the judgment. Note that the same time the motion to open the judgment was filed, a Motion for Modification was filed by the husband. Thereafter there was an evidential hearing on the Motion to Reopen the Judgment since all parties agreed that if the judgment were reopened there would be nothing to modify.
The husband is a commercial real estate broker who actively participated in negotiations surrounding the parties Separation Agreement. He testified about concessions they both had made. He was represented by counsel and in frequent contact with his attorney. The husband admitted that at no time during these negotiations did he ever indicate that he was delusional or otherwise not aware of what he was doing, or that he was entering into an agreement to entice his wife to resume their marriage.
The wife testified that she never gave the husband any basis on which to believe that the marriage could be saved. It appears to this court that this Motion to Reopen the Judgment comes about as a result of his dissatisfaction with the original judgment and his perceived inability to comply with the original judgment.
The burden of proof in a motion is on the moving party to prove by a fair preponderance of the evidence, the allegations of his or her motion. The husband presented as his key witness Dr. Pietsch who testified that the had been a family therapist of over twenty years and that he had seen Mr. Desmond in a professional context in February, 1992. He had no file but indicated that it was not his custom to keep extensive notes that he had an excellent memory. He said he was seeing Mr. Desmond until a couple of months ago — he thinks he saw him on February 17, February 24 and March 2, 1992, therefore, he would have seen him three times prior to the Agreement being entered into. He talked CT Page 11042 about the husband being obsessive about pleasing his wife to make sure it could work out he had an excessive need to please.
After direct examination and cross-examination, it was this courts opinion from Dr. Pietsch's testimony that he believed that legal responsibility was not in his area. He admitted that he had testified on direct examination to something he had not told the wife's attorney on a phone interview but indicated that he was not comfortable with the format and was not sure what full authorization he had to tell the wife's attorney anything further. Dr. Pietsch indicated that he would not recommend a conservator and he finally indicated after questioning on both sides, that Mr. Desmond was not legally incompetent.
Both of the parties were requested to file briefs concerning the issue of whether or not even if everything said were true concerning this man's condition, whether that was sufficient grounds to reopen the judgment.
It is black letter law in Connecticut that a Separation Agreement is a legally binding contract. It is also clear in Connecticut that what has been adjudicated should remain adjudicated. In Zucker v. Zucker, 190 Conn. 674, 677 (1983), the court said:
 "although the law will intervene to insure that substantial justice was done where fraud has been perpetrated, the frequency and extent of this intervention must be tempered by a sometimes conflicting adjudicative proposition that mandates the ultimate conclusion of all legal controversy."
This adjudicative proposition is recognized by this court. In Baker v. Baker, 187 Conn. 315 (1982), the court at page 322 indicated that the ultimate goal of a court should be to support agreements rather than seek to undermine them.
The court finds the Memorandum of Decision in the matter of the Estate of Arthur W. Dobson attached to the husband's brief and the article attached thereto interesting, but not relevant or persuasive to the case in chief. (Cited within the Dobson case, was Kimberly et ux, Appeal form Probate 68 Conn. 428 (1896) case). That case sets forth testamentary capacity necessary. That case was not relevant to the case in chief. CT Page 11043
There was however, a discussion concerning a quote "insane delusion" in the case of City National Bank Trust Appeal,145 Conn. 518 at 522, where the court said "we have defined a delusion of a testator as a false belief for which there is no reasonable foundation and which would be incredible under the given circumstances to the same person if of sound mind, and concerning which the mind of the decedent was not open to permanent correction through evidence or argument". There has been no evidence in this case to the standard set forth of the insane delusion as cited by the husband's attorney.
This court notes in passing that a dissolution of marriage or legal separation proceeding is one of the most difficult times in a persons life. Settled ways and relationships are to be disturbed. It is clear that in this case, the husband did not want the marriage to end. To that extent, it is reasonably probable that he did things that he might not have otherwise done in order to try to save the marriage and the relationship. This court finds however, that they do not reach the level of this court interfering with the final judgment. Litigation of this type if unchecked would provide a regular end permanent basis for courts to reopen judgments of other courts in dissolution of marriage actions. The defendant's Motion to Reopen the Judgment is denied.
KARAZIN, J.